IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARILYN HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number CIV-10-1124-C |
| | ) | |
| M-D BUILDING PRODUCTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff filed the present action following her termination from employment with
Defendant.  According to Plaintiff, her termination occurred following several instances of
discrimination based on her race, sex, and age, and retaliation.  Plaintiff also argues that
Defendant interfered with her rights under the Family and Medical Leave Act, 29 U.S.C.
§ 2611 ("FMLA"), and retaliated against her for taking leave under that Act.  Asserting that
the undisputed material facts demonstrate that Plaintiff was not discriminated or retaliated
against, Defendant has filed the present motion seeking summary judgment in its favor.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no
genuine issue as to any material fact and that the moving party is entitled to judgment as a
matter of law.  Fed. R. Civ. P. 56(c).  "[A] motion for summary judgment should be granted
only when the moving party has established the absence of any genuine issue as to a material
fact."  Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir.
1977).  The movant bears the initial burden of demonstrating the absence of material fact

requiring judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  A fact is material if it is essential to the proper disposition of the claim.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e).  These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves."  Celotex, 477 U.S. at 324.   Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits.  Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court."  Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998).  All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## DISCUSSION

Plaintiff was employed by Defendant as an environmental health safety specialist.  In this position, her immediate supervisor was Parish McKaufman and her second-level supervisor was Michael Wargo.  Plaintiff argues that it was Wargo who discriminated against her by treating her in a different manner than he did other employees.  Although Plaintiff alleged hostile work environment and disparate impact claims, in her response brief she only addresses her claims for hostile work environment.

Plaintiff concedes that she has no direct evidence of discrimination and therefore proceeds under the burden-shifting framework established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). To establish a prima facie claim for a hostile work environment Plaintiff must show (1) that the harassment was pervasive or severe enough to alter the terms, conditions, or privileges of her employment, and (2) that the harassment was motivated by Plaintiff's status in a protected class. Trujillo v. Univ. of Colo. Health Sciences Ctr., 157 F.3d 1211, 1214 (10th Cir. 1998). Plaintiff argues that she has satisfied these elements as she has demonstrated that Mr. Wargo's treatment of her was severe and pervasive and that it was motivated by her status of either her race, age, or sex. However, review of the evidence before the Court demonstrates that while Mr. Wargo's treatment of Plaintiff may be considered boorish or unprofessional, there is simply no evidence from which a reasonable jury could find that that treatment or those actions were premised on Plaintiff's race, age, or sex. Rather, the undisputed evidence before the Court demonstrates that Mr. Wargo treated all employees poorly, without regard to their race, sex, or age. Review of Plaintiff's testimony attached to her response to Defendant's Motion for Summary Judgment fails to reveal any instance where she can point to Mr. Wargo's treatment being premised upon any protected category. Rather, the farthest Plaintiff can go is that she "felt" like she was being discriminated against. Indeed, in her response brief, Plaintiff admits that Mr. Wargo did not specifically direct any racial epithets toward her. Plaintiff attempts to avoid the consequence of that admission by relying on McCowan v. All Star Maint., Inc., 273 F.3d 917, 925 (10th Cir. 2001), and Herrera v. Lufkin Indus., Inc., 474

F.3d 675, 680 (10th Cir. 2007).  However, those cases fail to stand for the proposition cited

by Plaintiff.  Plaintiff argues that Herrera and McCowan permit a claim for discriminatory

conduct when the conduct is hostile.  However, Plaintiff misinterprets the holding of the

cases.  In each instance, the Tenth Circuit clearly noted that there was at least some evidence

of discriminatory conduct and that the Court could look to other instances of

nondiscriminatory conduct to establish the overall picture of the work environment.  See

Chavez v. New Mexico, 397 F.3d 826, 833 (10th Cir. 2005), "'[f]acially neutral abusive

conduct can support a finding of gender animus sufficient to sustain a hostile work

environment claim when that conduct is viewed in the context of other, overtly gender-

discriminatory conduct.'" (quoting O'Shea v. Yellow Tech. Svcs., Inc., 185 F.3d 1093, 1096

(10th Cir. 1999)).  In the absence of some evidence of discriminatory conduct, even blatant

mistreatment by a supervisor is insufficient to give rise to a hostile work environment claim.

Therefore, Defendant's Motion for Summary Judgment will be granted on this issue.  To the

extent Plaintiff raised a claim for disparate treatment, that claim would fail for the same

reasons, i.e., that Plaintiff has failed to demonstrate that any difference in treatment of her,

as opposed to other employees of Defendant, was based on her race, sex, or age.

Plaintiff also raised claims arguing that Defendant retaliated against her for engaging

in protected activity.  According to Plaintiff, she complained to McKaufman on August 6,

2009, and that complaint was protected activity.  However, the evidence before the Court

clearly demonstrates that Plaintiff made no claim to McKaufman or any other employee of

Defendant suggesting that Mr. Wargo's treatment of her was based on her race, sex, or age.

Rather, as was the case with Plaintiff's hostile work environment claim, her retaliation claim

hinges on complaints about actions by Mr. Wargo which were nothing more than "rude and

unfair conduct by a supervisor." Peterson v. Utah. Dep't of Corr., 301 F.3d 1182, 1188 (10th

Cir. 2002).  Further, as Defendant notes, Plaintiff has failed to offer any evidence from which

a reasonable jury could infer that her complaints to McKaufman were protected activity, or

that she suffered an adverse employment event following that conduct.  For that reason as

well, her claim for retaliation must fail.

Accordingly, Defendant is entitled to summary judgment on Plaintiff's claims for

race, sex, or age retaliation.

Plaintiff also argues that Defendant interfered with her ability to exercise leave under

the FMLA.  According to Plaintiff, Defendant interfered with her rights under this Act by

refusing to return her to her former position after her need for leave had ended.  In order to

establish a claim for interference with FMLA rights, Plaintiff must demonstrate "that she was

entitled to FMLA leave, (2) that some adverse action by the employer interfered with . . . her

right to take FMLA leave, and (3) that the employer's action was related to the exercise or

attempted exercise of her FMLA rights." Metzler v. Fed. Home Loan Bk. of Topeka, 464

F.3d 1164, 1180 (10th Cir. 2006).  According to Plaintiff, because she was terminated while

out on leave, the timing of her termination should have significant probative force and be

strong evidence of her claim of interference.

In contrast to Plaintiff's arguments, Defendant has presented the Court with evidence

demonstrating that Plaintiff requested and received 12 weeks of FMLA leave and at the end

of that time period Plaintiff, by her own admission, was unable to return to work.  Defendant

then extended her leave for an additional period of time.  Indeed, the undisputed evidence

demonstrates that Plaintiff's FMLA leave expired November 2, 2009, and that Defendant

held her position open until January 18, 2010, and that it was only upon Plaintiff's refusal

to return to work on January 18, 2010, that Defendant terminated her position.

Under Tenth Circuit law, "in order to satisfy the second element of an interference

claim, the employee must show that she was prevented from taking the full 12 weeks of leave

guaranteed by the FMLA, denied reinstatement following the leave, or denied initial

permission to take leave."  Campbell v. Gambro Health Care, Inc., 478 F.3d 1282, 1287

(10th Cir. 2007).  Here, Plaintiff has failed to satisfy the second element, as the undisputed

evidence demonstrates she received all the leave to which she was entitled under the FMLA.

It was only after Plaintiff's refusal to return to work following the additional time granted

by Defendant that she was ultimately terminated.  Simply put, no reasonable jury could

determine that Plaintiff was prevented from exercising her rights under the FMLA.

Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim for FMLA

interference.

Plaintiff also claims that she was retaliated against for taking FMLA leave.  To

establish a retaliation claim, Plaintiff must demonstrate that she engaged in protected activity,

that the Defendant took an action that a reasonable employee would have found materially

adverse, and that there was a causal connection between the protected activity and the

adverse action.  Metzler, 464 F.3d at 1171.  As Defendant argues, Plaintiff cannot establish

a prima facie case. The undisputed facts are clear that Defendant offered Plaintiff her previous position with the same pay and duties and provided her with assurances that her concerns regarding Wargo and McKaufman would be addressed. Rather than accept these assurances, Plaintiff elected to refuse to return to work and her employment was terminated. Even were the Court to accept Plaintiff as having established a prima facie case, she has failed to demonstrate that Defendant's stated reason for her termination, i.e., her refusal to return to work, was a pretextual reason set forth only to cover up its intended goal of discrimination. Consequently, Defendant is entitled to summary judgment on Plaintiff's FMLA retaliation claim.

For the reasons set forth herein, Defendant M-D Building Products, Inc.'s Motion for Summary Judgment (Dkt. No. 36) is GRANTED. A separate judgment will issue. Additionally, Defendant's Motion to Strike Plaintiff's Expert Witness List (Dkt. No. 35) is STRICKEN AS MOOT.

IT IS SO ORDERED this 13th day of December, 2011.

ROBIN J. CAUTHRON
United States District Judge